RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/30/12
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICKIE ELLISON (#129207) | DOCKET NO. 11-CV-1353; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| RUSSELL BUTLER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's second civil rights complaint (42 U.S.C. §1983) filed pro se and in forma pauperis. Plaintiff is incarcerated at the Richwood Correctional Center in Monroe, Louisiana. He complains of a delay in medical care at Concordia Parish Correctional Facility in Ferriday, Louisiana. He names as defendants Concordia Correctional Facility, Russell Butler, Deborah Cowan, and Concordia Medical Board.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

An in forma pauperis prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. § 1915(e)(2). Additionally, a claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

The allegations in this suit are the same as in Plaintiff's other lawsuit pending in this district, 11-cv-1252. The suits were filed a few weeks apart against all of the same defendants regarding the alleged denial or delay of medical care at Concordia Correctional Center. This second lawsuit is duplicative, and allowing it to proceed would be "redundant and an impermissible waste of judicial resources." See Moore v. U.S. Marshals Service, 2010 WL 1978938, citing Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).

In correspondence to the Court, Plaintiff attempts to add a claim in this suit that he was deprived of due process by being housed "in isolation" for ten days to recuperate following his surgery. Placement in isolation or solitary confinement does not give rise to a due process claim. See Sandin v. Connor, 515 U.S. 472 (1995).

The claims raised in this case are malicious as well as frivolous and should be dismissed.

For the forgoing reasons, **IT IS RECOMMENDED** that this prisoner action be **DISMISSED** with prejudice as malicious and frivolous under 28 U.S.C. § 1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 27th day of January, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE